UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-26557-CV-DIMITROULEAS

MANUEL DIEGUEZ-CUELLAR,

Petitioner,

v.

WARDEN, KROME NORTH SERVICE PROCESSING CENTER, *et al.*,

Respondents.
_______________________________________/

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** is before the Court on Petitioner Manuel Dieguez-Cuellar's ("Petitioner") *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition") [DE 1], filed September 22, 2026. Respondent, Warden, Krome North Service Processing Center ("Respondent"), has argued that the Petition must be denied because Petitioner is lawfully detained under 8 U.S.C. § 1231 and Petitioner has not shown good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future under *Zadvydas*. [DE 6 at 7–9]. The Court has considered the Petition [DE 1], Respondent's Response [DE 6], the Reply [DE 7], and the accompanying exhibits, and is otherwise fully advised in the premises. Upon careful consideration, the Petition [DE 1] is **DENIED**.

Section 1231(a) of the INA applies to aliens who are subject to a final order of removal. *See* 8 U.S.C. § 1231(a). When an alien is ordered removed, "the Attorney General shall remove the alien from the United States within a period of 90 days[,]" which is known as the "removal period." *Id*. Once the order of removal is finalized, the Government should do its best to execute removal during the ninety-day period. *See Zadvydas v. Davis,* 533 U.S. 678, 699–701 (2001). But

sometimes the Government does not timely remove the petitioner, so the indefinite detention of an alien "raises serious constitutional concerns." *Sosa v. Warden, Baker Corr. Inst.*, No. 26-cv-51, 2026 WL 592434, at *2 (M.D. Fla. Mar. 3 2026). "The Supreme Court in *Zadvydas* held that six months is a presumptively reasonable period to detain a removable alien awaiting deportation." *Id.*

Petitioner moves for habeas relief and argues that his post-removal-order detention is unlawful because his detention has become prolonged and his removal is not reasonably foreseeable. [DE 1-1 at 1]. To obtain relief from post-removal-order detention under the *Zadvydas* framework, a petitioner must: "(1) show that he's been detained for more than six months; and (2) establish that there's no significant likelihood of removal in the foreseeable future." *Flores-Reyes v. Assistant Field Off. Dir.*, No. 26-cv-20226, 2026 WL 406708, at *2 (S.D. Fla. Feb. 13, 2026) (citing *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) ("[T]o state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."))

Here, Petitioner has not provided evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Zadvydas,* 533 U.S. at 701. Petitioner's non-cooperation with Respondent's removal efforts is the only barrier to his removal. *See Oladokun v. U.S. Atty. Gen.*, 479 F. App'x 895, 897 (11th Cir. 2012) ("In contrast to the petitioner in *Zadvydas*, who could not be removed because the receiving countries refused to accept him, [Petitioner's] non-cooperation is the only barrier to his removal.").

Petitioner claims removal is not reasonable foreseeable in the immediate future because "[t]he [United States] government was unable to remove him in [June] 6[,] 2023[,] and the Cuban Government still will not accept him for repatriation," [DE 1-1 at 2], and that the United States

government's attempts to remove him to Mexico—a third country not of his origin, [DE 1-1 at 1]—"have been an informal effort to compel voluntary departure, not an above board removal attempt that complied with statutory and constitutional requirements." [DE 1-1 at 2–3].

On September 28, 2026, in its Response, the Respondent argued that Petitioner's prolonged detention is of his own doing. [DE 6 at 9] ("It[']s Petitioner conduct that has prolonged his detention and thwarted his anticipated and successful removal. Accordingly, Petitioner has not met his threshold burden under *Zadvydas* and *Akinwale*."). Along with its Response, the Respondent filed several exhibits in support of its position that Petitioner's prolonged detention is of his own doing. For instance, [DE 6-11] appears to be a notice of removal for "Manuel Dieguez-Cuellar" dated March 25, 2026, purporting to inform him of Immigration and Customs Enforcement's ("ICE") intent to remove him to Mexico, with a certificate of service signed by someone on the line above "Signature of Alien," date of service marked as "3/25/26." [DE 6-11 at 1]. On May 21, 2026, per [DE 6-12], Petitioner received a warning for failure to depart, [DE 6-12 at 1], as well as an instruction sheet requiring him to assist in his removal, [DE 6-12 at 2], both of which were stamped "REFUSE TO SIGN." That same day, per [DE 6-13], Petitioner received a notice of removal, which also was stamped "REFUSE TO SIGN." On June 19, 2026, Petitioner was issued a notice of removal advising him of the intention of Immigration and Customs Enforcement ("ICE") to remove him to Mexico, but on the same date, Petitioner refused to sign the same. *See* [DE 6-14 at 1]. On July 13, 2026, Petitioner was served with a copy of a notice of failure to comply due to his refusal to sign the aforesaid notice of removal. *See* [DE 6-14 at 2]. On August 24, 2026, per [DE 6-15], Petitioner received a warning for failure to depart, [DE 6-15 at 1], as well as an instruction sheet requiring him to assist in his removal, [DE 6-15 at 2], though neither bore a stamp indicating that he refused to sign. However, on August 24, 2026, Petitioner was issued a notice of

removal [DE 6-15] advising him of the intention of ICE to remove him to Mexico, but on the same date, Petitioner refused to sign the same, which refusal was noted on the notice of removal. *See* [DE 6-16 at 1]; *see also* [DE 6-17 at 1]. That same day, Petitioner was served with a copy of the a notice of failure to comply due to his refusal to sign the aforesaid notice of removal. *See* [DE 6-17 at 2]. Deportation Officer Juan Moreno has declared under penalty of perjury that Petitioner remains detained at Krome North Service Processing Center pending removal, [DE 6-5 at 4].

On October 6, 2026, in his Reply [DE 7], Petitioner largely reiterated the arguments he made in his Petition. Petitioner does, however, contend that his refusal to sign a notice of removal is not the cause of his prolonged detention, but rather the refusal of the Respondent provide "travel documents and a letter from Mexico that it was accepting [him]." [DE 7 at 3]. Instead, Petitioner asserts, "all he got was an ICE agent trying to compel petitioner to voluntary depart with the threat of prolonged detention if he refused to sign." [DE 7 at 2–3].

The Court, having considered the foregoing, finds that Petitioner does not provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future when he is responsible for thwarting his removal. *Lezama Garcia v. Miami Field Office Director*, 2026 WL 632351, at *6 (S.D. Fla. March 6, 2026); *see also Guo Xing Song v. U.S. Atty. Gen.*, 516 F. App'x 894, 899 (11th Cir. 2013) ("The six-month period is tolled, however, if the alien acts to prevent his removal."). On the record before the Court, the Court finds that although Petitioner has been in custody since at least March 31, 2026, the Petitioner has refused to cooperate since at least May 21, 2026. *See* [DE 6-12], [DE 6-13]. The Court notes that Petitioner has not denied that he has refused to cooperate with the legitimate requests by the Respondent to assist with his removal proceedings. Furthermore, Respondent has provided numerous exhibits corroborating Petitioner's refusals. *See supra*. Therefore, Court finds that Petitioner's continued

detention without a bond hearing is the consequence of his repeated refusal cooperate in the removal process.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for a Writ of Habeas Corpus [**DE 1**] is **DENIED**.
2. The Clerk shall **CLOSE** this case and **DENY AS MOOT** any pending motions.
3. The Clerk will provide Petitioner a copy of this order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 9th day of October, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record